**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4475**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEBRA ERIC ESKRIDGE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:05-cr-00229-ALL)

———————

Submitted: February 22, 2007      Decided:  February 28, 2007

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carol Ann Bauer, Morganton, North Carolina, for Appellant.  Richard
Lee Edwards, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kebra Eric Eskridge was convicted by a jury of one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Eskridge to 115 months in prison and ordered Eskridge be placed on supervised release for three years upon his release from prison. Counsel for Eskridge has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging the district court erred in denying Eskridge's motion for judgment of acquittal because the evidence was insufficient to support his conviction. Eskridge has not filed a pro se supplemental brief despite being notified of his opportunity to do so, and the Government has declined to file a responding brief. We affirm.

After a review of the record, we conclude there was sufficient evidence for the jury to find Eskridge guilty of a violation of 18 U.S.C. § 922(g)(1). To prove possession of a firearm in violation of § 922(g)(1), the Government was required to establish that "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995). The Government need not

produce evidence of actual possession, as it may proceed on a constructive possession theory demonstrating that the defendant "show[ed] ownership, dominion, or control over the [firearm] itself." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). We will sustain the jury's verdict if it is supported by substantial evidence, viewed in the light most favorable to the government, to support it. See United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005).

The parties stipulated that Eskridge was previously convicted of an offense that was punishable by more than one year imprisonment and that the gun recovered by police had moved in interstate commerce. Moreover, the Government produced police testimony establishing the police saw Eskridge walking, witnessed him make a tossing motion, heard a loud thump, and immediately recovered a gun in the vicinity Eskridge made the tossing motion. We conclude this evidence was sufficient to establish Eskridge constructively possessed the firearm recovered by police. See United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995) (finding evidence that defendant dropped a dark object out his car window and that officers later discovered a revolver in the vicinity where the object was dropped was sufficient to satisfy the possession element of § 922(g)).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

review.  We therefore affirm Eskridge's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>